UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No.   12-cr-10087-WGY |
| ) | |
| ROBERT PETRINO, SR. ) | |
| Defendant. ) | |
| ) | |

**ROBERT PETRINO'S MOTION FOR
EARLY TERMINATION OF SUPERVISED RELEASE**

The Defendant, Robert Petrino, Sr. ("Petrino") hereby requests that this Honorable Court terminate his term of Supervised Release pursuant to 18 U.S.C. §3583(e).   As grounds therefor, Petrino states that he has successfully completed one year of a two year term of supervised release, and that Petrino's conduct during that time and the interest of justice warrant early termination.

**PROCEDURAL HISTORY**

Petrino was convicted of the offense of interstate transportation of stolen goods on November 14, 2007, for which he received a sentence of 69 months.   On March 30, 2012, Petrino's supervised release was transferred from the Southern District of New York to the District of Massachusetts.   (Dkt. #1.)   While under supervision in Massachusetts, Petrino successfully completed the Court Assisted Recovery Effort ("CARE").   On April 4, 2012, the Court reduced Petrino's period of supervised release by one year pursuant to Section 3583(e)(1). (Dkt. #3.)

On June 4, 2012, Petrino was arrested in Connecticut for violating his terms of supervised

1

release.  (Dkt. #8.)  Petrino's charges included the following:

    Violation II:    leaving the judicial district without permission;

    Violation III:    associating with persons engaged in criminal activity and convicted of a felony ;

    Violation V:    failing to notify probation within seventy-two house of being arrested or questioned by law enforcement; and

    Violation VI:    failing to report and submit a written report to probation within the first five days of each month.

(Id.)

On April 11, 2013, Petrino stipulated to violating the above conditions.  Thereafter, the Court revoked supervised release.  The Court imposed a six month sentence of incarceration and ordered supervised release for a term of twenty-four months.  (Dkt. #18.)  Petrino completed his first year of supervised release on about August 31, 2014.

## DISCUSSION

Pursuant to 18 U.S.C. § 3583(e)(1), this Court may terminate a term of supervised release after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."[1]  The six months that Petrino served for his violation was

---

[1] Section 3583(3)(1) states:

> (e) Modification of conditions or revocation. The court may, after considering the factors set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) --
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

adequate punishment and served as a deterrent to any further violations of supervised release. Petrino's conduct while on supervised release illustrates this fact as well as his character.

During that time, Petrino has abided by all of the terms of his supervised release. He successfully completed the Moral Reconation Therapy ("MRT") that the Court ordered him to complete. One of the conditions the Court imposed was for Petrino to remain drug free. Remaining drug free is a source of pride for Petrino, who has struggled with addiction most of his life. Indeed, Petrino was lauded for his performance in the CARE program and his significant efforts with helping other participants successfully complete the program.

Using the lessons he learned in the CARE program, Petrino has become closely involved in helping his own son fight recent addiction problems, including moving his son into Petrino's home. In addition to counseling his son, Petrino has taken the extraordinary extra step of administering private drug screens to his son as part of his private supervision of him. In short, Petrino has shown empathy for and an ability to make a positive connection with those who similarly struggle with addiction.

Petrino also has a stable home and employment situation. Petrino lives with his wife in a home they own together. He and his wife have a happy and healthy relationship. Petrino has maintained regular employment since he began supervised release. He is currently employed as a longshoreman for the Massachusetts Port Authority ("MassPort"). Petrino has worked for MassPort for over eight years. He works about thirty to forty hours a week at that job. Steady employment and a regular income is a sure indicator that Petrino is embarking on the right path.

Supervised release has also served its purpose with respect to treatment. Petrino has

---

18 U.S.C. § 3583

completed both the CARE and the MRT programs.  Both programs were important in preparing Petrino for his successful reintegration into society.  In addition to applying them in his own life, Petrino is passing along the lessons he learned in those programs to his own son.

Finally, there are no identifiable risk factors with Petrino that would warrant another year of supervised release.  He has no recent history of using illicit drugs, as evidenced by his clean drug screens.  He was not convicted of a crime involving drugs, fraud or violence, nor did he have an aggravated role in his offense of conviction.  In short, he does not present a public safety risk.

Counsel for Petrino has consulted with Ms. Holik, counsel for the government, and she opposes the allowance of this Motion.

## CONCLUSION

For the foregoing reasons, Petrino requests that the Court allow his motion.

ROBERT PETRINO
By his attorneys,

/s/ Thomas J. Butters
Thomas J. Butters
B.B.O. No. 068260
butters@buttersbrazilian.com
BUTTERS BRAZILIAN LLP
699 Boylston Street
Boston, Massachusetts 02116

Dated:   September 26, 2014                     617-367-2600

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

      /s/ Thomas J. Butters
      Thomas J. Butters